Filed 4/8/16  P. v. Hernandez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE, | F070116 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 11CM1823) |
| CAMERON GLEN HERNANDEZ, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Smith, J.

## INTRODUCTION

Appellant Cameron Glen Hernandez pled no contest to one count of robbery, the gang offense, and a gang enhancement. In exchange for his plea, nine other charges and multiple enhancements were dismissed. He was sentenced to jail time and probation, with various terms of probation. Hernandez subsequently was arraigned on a violation of probation and new criminal charges. Hernandez was found to be in violation of probation and he was sentenced on the original charges to a total of 15 years 8 months in prison. Hernandez appealed. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On December 12, 2011, Hernandez was charged with multiple offenses: count 1, robbery; count 2, assault with a deadly weapon; counts 3 and 4, false imprisonment; count 5, criminal threats; count 6, brandishing a weapon; count 7, vandalism; counts 8 and 10, the offense of participating in a criminal street gang as set forth in Penal Code[1] section 186.22, subdivision (a); count 9, assault with force likely to cause great bodily injury; and count 11, resisting arrest.

It was alleged as to counts 1 through 8 that Hernandez was a minor when the offenses were committed, but would be punishable as an adult pursuant to Welfare and Institutions Code section 707, subdivision (d)(2)(A). It also was alleged that Hernandez used a deadly and dangerous weapon in the commission of counts 1 through 8. Further, as to counts 1 through 5 and count 9, it was alleged that the offenses were gang related and sentencing would be pursuant to section 186.22, subdivision (b)(1) through (4), making the offenses felonies pursuant to section 1192.7, subdivision (c).

Hernandez pled not guilty to all charges and denied all enhancements on December 13, 2011. On March 8, 2012, he withdrew his plea of not guilty and entered a

---

[1] References to code sections are to the Penal Code unless otherwise specified.

plea of no contest to counts 1 and 10 and the section 186.22, subdivision (b) gang enhancement, in exchange for dismissal of all other counts and enhancements.

On April 9, 2012, Hernandez was sentenced to a total of 311 days in county jail, with credit for 311 days; ordered to pay various fines and fees; and placed on probation. As one of the conditions of probation, Hernandez was ordered to obey all laws; not associate with known gang members; not have clothing with known gang colors; and not obtain any additional tattoos. He also was ordered to abstain from using alcohol and to submit his person and residence to searches to determine compliance with probation terms.

On February 5, 2014, Hernandez was returned to custody with a no bail hold based on allegations of new criminal conduct constituting a violation of probation. A new felony case was filed against him, as case No. 14CM7077. Hernandez was arraigned on the violation of probation and entered a denial.

A hearing on the violation of probation was held on August 4, 2014. The trial court took judicial notice of the terms of probation. Officer Cecilio Velasco testified that he took part in a probation search of Hernandez's residence on April 12, 2012, where clothing in gang colors and bearing gang indicia was found. Hernandez's probation officer testified that Hernandez had paid only a nominal amount toward his fines and had made no attempt to complete his community service.

Nancy Rodriguez testified and identified Hernandez as one of the people who broke the living room window in her home on February 2, 2014. A glass bottle was thrown through the window and hit Rodriguez's young grandson, cutting the boy just below the right jawline. Judy Martinez also testified about the broken window.

Officer Trent Augustus testified that he was called to a loud party, where he found Hernandez under the influence of alcohol, on August 12, 2012. Hernandez failed to obey the officer's commands. Officer Refugio Aguirre testified that two people with whom

Hernandez had associated while on probation were members of the Norteño criminal street gang.

At an August 4, 2014 hearing, Hernandez was found to be in violation of his probation for failure to pay fines; failure to do community service; associating with another gang member; not complying with a police officer's commands, and for committing vandalism and an assault while on probation.

On September 10, 2014, Hernandez was sentenced on the violation of probation and the underlying offenses in case No. 11CM1823. The trial court imposed a term of five years in prison for the robbery conviction; a consecutive eight months, which is one-third the mid-term for the section 186.22, subdivision (a) gang offense; and a consecutive 10-year term for the section 186.22, subdivision (b) gang enhancement appended to the robbery count. The previously ordered fines and fees were confirmed. The trial court awarded a total of 562 days of credit. As to the separate criminal charges that had been filed as case No. 14CM7077, the People and Hernandez agreed to a dismissal of the charges with a *Harvey*[2] waiver.

On September 18, 2014, Hernandez filed a notice of appeal. There is no certificate of probable cause.

## DISCUSSION

Appellate counsel was appointed for Hernandez on November 4, 2014. Appellate counsel filed a *Wende* brief on April 14, 2015.

The burden of proof at a violation of probation hearing is preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441.) The evidence presented at the August 4, 2014 hearing established a violation of probation by a preponderance of the evidence. As to the underlying charges of robbery with a gang enhancement and the gang offense, Hernandez pled no contest to those charges and no certificate of probable

---

**2**    *People v. Harvey* (1979) 25 Cal.3d 754.

cause issued.  The abstract of judgment accurately reflects the sentence imposed by the trial court.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.